## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTHERN GEORGIA

**WILLIAM RAYBURN,**
individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

      Plaintiff,                                                  **JURY TRIAL DEMANDED**

v.

**PROPZU, INC. and JASON SAPHIRE,**

      Defendant.
_____/

## FIRST  CLASS ACTION COMPLAINT

Plaintiff William Rayburn brings this class action against Defendants Propzu, Inc. ("Defendant Propzu") and Jason Saphire ("Defendant Saphire") (collectively "Defendants") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2.      Defendant Propzu operates HomeZu.com.

3.      Defendant Saphire is the CEO of Defendant Propzu.

4.      Defendants use prerecorded messages to individuals' telephones numbers without first obtaining the required express written consent to market and benefit Defendants.

5.      Through this action, Plaintiff seeks injunctive relief to halt Defendants illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life

of Plaintiff and members of the Class.  Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies available or allowed by law.

## JURISDICTION AND VENUE

6.    This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

7.    Defendant Propzu is subject to general personal jurisdiction in Georgia because Defendant is incorporated and headquartered in Georgia.

8.    Defendant Saphire is subject to jurisdiction in Georgia as CEO if Defendant Propzu and due to his contacts with the state including sending prerecorded messages in violation of the TCPA like the ones Plaintiff received.

## PARTIES

9.    Plaintiff is a natural person who, at all times relevant to this action, was a resident of Washington State.

10.    Defendant Propzu is a corporation whose principal office is located in Georgia Defendant Propzu directs, markets, and provides its business activities throughout the state of Georgia.

11.    Defendant Saphire is a natural person who may be a resident of California. Defendant Saphire directs, markets, and provides his business activities throughout the state of Georgia.

## FACTS

12.    On or about August 26, 2023 and August 27, 2023, Defendants' caused a prerecorded voice message to be transmitted to Plaintiff's cellular telephone number ending in 9761 ("9761 Number") from 844-663-2468.

13.    The prerecorded messages included a prerecorded voice which identified himself as "Jason" and asked Plaintiff if he wants to list his property through him for a one-time flat fee.

14.    Defendant Saphire is the voice in the prerecorded message.

15.    Defendant Saphire benefits when Defendant Propzu is successful in its business.

16.     Upon information and belief, Defendant Saphire was responsible for having the prerecorded message created and sent.

17.     Upon information and belief, without Defendant Saphire, no prerecorded messages would have been sent.

18.     Plaintiff is the subscriber and/or sole user of the 9761 Number.

19.     Defendants' prerecorded message calls constitute telemarketing/advertising because their purpose was to promote Defendants' business, goods and services.

20.     At no point in time did Plaintiff provide Defendants with his express written consent to be contacted for marketing purposes by prerecorded messages.

21.     Upon information and belief, Defendants' caused similar prerecorded messages to be sent to individuals as shown below:





# 844-663-2468

TOLL-FREE phone number.

Verbal notation of the phone number:

**eight four four _ six six three _ two four six eight**

## NEW Feature!

Summary information about this phone number is now also available in a



This phone number is mostly reported for:

### Robocall

What does this category mean?

**SEARCH FOR MORE INFORMATION ON 844-663-2468!**

BeenVerified.com





**5**

PHONE SPAM REPORTS

5x for unwanted call

## Posted reports

**Robocall**
June 27, 2022   Unwanted Call

**Other Spam**
September 06, 2021   Unwanted Call

**Other Spam**
August 11, 2021   Unwanted Call

**Robocall**
July 06, 2021   Unwanted Call

**Robocall**
June 18, 2021   Unwanted Call

---

[1] directory.youmail.com/phone/844-663-2468
[2] phonespam.report/for-844-663-2468

4



https://800notes.com/Phone.aspx/1-844-663-2468

**844-663-2468**

Read comments below about 8446632468. Report unwanted calls to help identify who is using this phone number.

**John V**
25 May 2021                                                                    👎  0  👍

Seems to be real estate telemarketing

*Call type: Telemarketer*

[ Reply ]  [ ! ]

**Brad**
30 Aug 2023                                                                    👎  0  👍

This isn't quite a scam and just north of legal although done very illegally. These are three real estate companies - clickit realty, simple choice realty and entry only who have branded themselves as Homezu. They target FSBO listings and try to sell you an MLS listing. They use an auto dialer or software program, that leaves a ringless voicemail. If you have no previous business relationship with them don't call them back, consult an attorney. What they are doing violates the Telephone Consumer Protection Act. Keep your eyes peeled for a class action, I'm sure one is on the way.

*Caller: Jason Saphire, dba Entry Only, adba Homezu.com*
*Call type: Unwanted*

[ Reply ]  [ ! ]

844-663-2468 summary and related numbers

Report a phone call from 844-663-2468:

---

[3] 800notes.com/Phone.aspx/1-844-663-2468

22.    According to Robokiller, there have been 2,685 spam calls from this number as shown below:

23.    The 9761 Number has been on the National Do Not Call Registry since August 9, 2005.

---

4 lookup.robokiller.com/p/844-663-2468

24.     Defendants' unsolicited prerecorded messages caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendants call also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

25.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

26. Plaintiff brings this case on behalf of the Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received an artificial or prerecorded voice message call on their cellular telephone regarding Defendants goods and/or services.**

27.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

28.     Defendants and their employees are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number at least forty or more based on the use of a prerecorded message to call Plaintiff, and multiple websites available which reference calls from the 844-663-2468 number used by Defendants to send prerecorded messages to Plaintiff.

### NUMEROSITY

29.     Defendants sent prerecorded messages to cellular telephone numbers belonging to at least 40 individuals the United States without their prior express written consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30.     Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

### COMMON QUESTIONS OF LAW AND FACT

31.     There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

a)  Whether Defendants made non-emergency calls to Plaintiff and Class members' cellular telephones using a prerecorded message;

b)  Whether Defendants can meet its burden of showing that it obtained prior express written consent to make such calls;

c)  Whether Defendants' conduct was knowing and willful;

d)  Whether Defendants are liable for damages, and the amount of such damages; and

e)  Whether Defendants should be enjoined from such conduct in the future.

32.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

33.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

34.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

35.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is

economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

36.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendants from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)**
**(On Behalf of Plaintiff and the Class)**

37.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

38.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

39.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."  47 C.F.R. § 64.1200(a)(1)(iii).

40.     Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior

express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

41.    Defendants used prerecorded voice calls to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

42.    Plaintiff and the Class members did not consent to receive prerecorded voice calls from Defendant.

43.    Defendants did not have prior express written consent to call the cellular telephones of Plaintiff and the other members of the putative Class utilizing a prerecorded or artificial voice.

44.    Defendants have, therefore, violated §§ 227(b) and §§ 64.1200(a) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class without their consent.

45.    Defendants knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

46.    As a result of Defendants, conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

a)  An award of actual and statutory damages for Plaintiff and each member of the Class;

b) As a result of Defendants' negligent violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

c) As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) An order declaring that Defendants' actions, as set out above, violate the TCPA;

e) An injunction requiring Defendants to cease all unsolicited call activity without obtaining consent first and to otherwise protect the interests of the Class;

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendants to assist in sending the alleged communications.

Dated: March 8, 2024

Respectfully submitted,


**HIRALDO P.A.**

11

_/s/ Manuel S. Hiraldo_
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
_Pro Hac Vice Forthcoming_